```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
IN RE OPPENHEIMER FUNDS FEES          :
LITIGATION                            :         04 Civ. 7022 (JSR)
                                      :
This document relates to:             :         MEMORANDUM ORDER
                                      :
All Actions                           :
                                      :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

The plaintiffs in these consolidated cases (and proposed class action) are current and former shareholders in 23 of 51 Oppenheimer mutual funds ("the Funds"), all 51 of which are here named as "nominal defendants." See Second Amended Consolidated Class Action Complaint ("Complaint") ¶¶ 18-38, 84.[1] Plaintiffs allege, in essence, that a parent corporation (OppenheimerFunds, Inc.), two affiliates (OppenheimerFunds Services and OppenheimerFunds Distributor, Inc.), and a group of trustees, directors, and officers common to the Funds, caused improper secret payments to be made from the Funds' assets to various brokerage firms in order to induce those firms to market the Funds more aggressively in a manner benefitting the parent and its affiliates at the expense of the Funds. See id. ¶¶ 3-4. Plaintiffs also allege that OppenheimerFunds, Inc. and OppenheimerFunds Services (collectively, "Adviser Defendants") inflated their own fees to finance some of these payments and failed to pass onto investors any economies of scale generated by increases

---

[1] The action was originally assigned to another judge, and was reassigned to the undersigned on November 1, 2005.

1

in the Funds' assets.  Id. ¶¶ 150, 220.  The plaintiffs further allege that these practices breached fiduciary duties owed plaintiffs under the Investment Company Act, 15 U.S.C. § 80a-1 et seq., (the "ICA"), the Investment Advisers Act, 15 U.S.C. § 80b-1 et seq. (the "IAA"), and state common law, and unjustly enriched various of the defendants in violation of state law.  See Complaint ¶¶ 1, 203-51.  Pending before the Court is defendants' motion to dismiss each of the eight counts of the Complaint.

In counts 1, 2, and 4, plaintiffs allege violations of ICA §§ 34(b), 36(a), and 48(a), respectively.  ICA § 34(b) makes it unlawful to include any affirmative misrepresentation or misleading half-truth in a document filed pursuant to the ICA.  15 U.S.C. § 80a-33(b).  ICA § 36(a) authorizes the Securities and Exchange Commission to bring an action against the officers and directors of investment advisory boards for breach of fiduciary duty.  15 U.S.C. § 80a-35(a).  ICA § 48(a) makes it unlawful for any person to cause another person to violate the provisions of the ICA.  15 U.S.C. § 80a-47(a).

None of these provisions expressly provides for a private right of action, nor do they contain the kind of "rights-creating language" necessary to imply such a cause of action.  See Alexander v. Sandoval, 532 U.S. 275, 288 (2001); Olmsted v. Pruco Life Ins. Co., 283 F.3d 429, 433-36 (2d Cir. 2002).  Section 36(a) explicitly authorizes an alternative method of enforcement, see Sandoval, 532 U.S. at 289-90.  Moreover, Congress' express provision of a private right of action to enforce § 36(b) of the ICA (see infra) suggests

that it did not intend to create private rights of action under these other provisions. Accordingly, counts 1, 2, and 4 must be dismissed with prejudice.

Counts 6 and 7, which allege violations of state common law, must be dismissed because they seek to obtain direct recovery for claims that are, at best, derivative. Under the applicable laws of Massachusetts and Maryland that, the parties agree, govern this issue, a shareholder who suffers an injury caused by a defendant's misconduct toward the corporation that diminishes the value of the shareholders' interest may sue only on behalf of the corporation, that is to say, derivatively, and then only if the corporation refuses to sue upon request. Tafflin v. Levitt, 608 A.2d 817, 819-20 (Md. Ct. Spec. App. 1992); Pagounis v. Pendleton, 753 N.E.2d 808, 812 (Mass. App. Ct. 2001). Here, the allegation common to these counts is that fees and expenses were charged to the Funds for improper purposes that benefitted Oppenheimer and its affiliates.[2] If true, this allegation states a harm directly to the Funds and only derivatively to the plaintiffs. See Strougo v. Bassini, 282 F.3d 162, 174 (2d Cir. 2002). To hold otherwise simply because the payment of the fees from the Funds' assets results in an immediate adjustment to each shareholder's account or because the amount of the fees varies among different classes of shareholders would accord shareholders the benefit of the corporate form, i.e., limited

---

[2]Despite some language in the Complaint arguably suggesting otherwise, plaintiffs acknowledged at oral argument that all such fees were paid out of the Funds' assets. Transcript, 2/17/06, at 42.

3

liability, without the complementary limitation on a shareholder's right to sue directly for injuries to the corporation. Accordingly, counts 6 and 7 must likewise be dismissed.[3]

In count 5, plaintiffs do essay a derivative claim, but they concede that no pre-suit demand to sue was made on the Funds' boards, as required by state law. See, e.g., Werbowsky v. Collomb, 766 A.2d 123, 133-34 (Md. 2001); Harhen v. Brown, 730 N.E.2d 859, 865 (Mass. 2000).[4] Although they allege in conclusory fashion that such a demand would have been futile, see compl. ¶¶ 194-202, they have failed, even in their Second Amended Complaint, to come forth with the requisite particularized allegations, see Fed. R. Civ. P. 23.1, showing that the Funds are incapable of independent, disinterested evaluation of these claims. See, e.g., Werbowsky, 766 A.2d at 143-44; Harhen, 730 N.E.2d at 864-66 & n.5. Moreover, at oral argument, plaintiffs conceded that they knew of no additional facts on this score that they could add to the complaint if the Court were to permit them to replead. Transcript, 2/17/06, at 68. Accordingly, count 5 must also be dismissed with prejudice.

Count 8, which alleges unjust enrichment under state common law, is preempted by the Securities Litigation Uniform Standards Act

---

[3] This dismissal must be with prejudice, since, for reasons discussed infra, plaintiffs have already shown that they are unable to adequately plead that making a demand on the Funds to sue would be a futility.

[4] For reasons stated infra, the Court need not reach defendants' argument that pleading futility is no longer an option under Massachusetts law. See Mass. Gen. Laws ch. 156D, § 7.42.

4

of 1998 (the "SLUSA"), 15 U.S.C. § 78bb(f), which prohibits attempts to re-cast certain federal securities claims as state causes of action. Plaintiffs argue that SLUSA is inapplicable because they are suing as holders of shares in the Funds whereas SLUSA only applies "in connection with the purchase and sale of a covered security." 15 U.S.C. § 77p(b)(2); see also Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 395 F.3d 25, 33 (2d Cir. 2005). But a central allegation of the Complaint is that brokers were bribed to steer unsuspecting investors into the Oppenheimer Funds during the class period, so that the class – defined as "all persons or entities who held shares, units, or like interests in any of the Oppenheimer Funds between August 31, 1999 and March 22, 2004," compl. ¶ 188 – necessarily includes individuals who purchased (as well as held) shares during the class period in reliance on the alleged fraud. Dabit, however, expressly "hold[s] that when the class definition includes persons with SLUSA-preempted claims and does not permit the court to distinguish any non-preempted subclass, SLUSA requires that the claim be dismissed." Dabit, 395 F.3d at 47. Although such dismissal may often be without prejudice to repleading, here plaintiffs, though undoubtedly aware of Dabit's requirement, have proved unable even in a Second Amended Complaint to cure this deficiency. Hence, count 8 must also be dismissed with prejudice.

This leaves count 3, which purports to state a claim under ICA § 36(b) against the Oppenheimer Advisers, and other defendants, for breach of fiduciary duty in inflating their fees so as to provide a slush fund for making some of the illicit payments to brokers. See

5

complaint ¶ 220. Although the allegations of the underlying breach are poorly pled, they survive, barely, the minimal pleading requirements of Rule 8(a), Fed. R. Civ. P., see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). However, under the plain language of the statute, the claim may be brought only against the Adviser Defendants, who were the "recipient[s] of such compensation or payments," 15 U.S.C. § 80a-35(b)(3), and not against any other defendants, as to whom the count must be dismissed with prejudice.[5]

The Court has considered plaintiffs' other arguments and finds them without merit. Accordingly, the Second Amended Complaint is hereby dismissed with prejudice except for Count 3 to the extent it states a claim against the two Adviser Defendants. Counsel for the plaintiffs and for the Adviser Defendants are directed to jointly telephone Chambers by no later than Wednesday, March 15, 2006 to schedule further proceedings as to count 3. The Clerk of the Court is directed to close this motion (docket numbers 43, 45, 49).

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       March 10, 2006

---

[5] Also, any damages that are eventually recovered must, as plaintiffs acknowledged at oral argument, go to the Funds. See Daily Income Fund, Inc. v. Fox, 464 U.S. 523, 535 n.11 (1984); see also transcript, 2/17/06, at 33.